McNULTY, Acting Chief Judge.
In this guardianship matter the appellant is the State of Florida which, through its Department of Health and Rehabilitative Services (Department hereinafter), is seeking to enforce a statutory lien for hospital services rendered the incompetent. Hill Haven Nursing Home, one of the appellees herein, also made claim for services rendered the incompetent. The assets of the estate of the incompetent are insufficient to pay both claims in full and, after a hearing, the circuit judge sitting in probate resolved the equities as between the two claimants and awarded priority to the claim of Hill Haven Nursing Home on the theory of estoppel against appellant. We affirm.
The present posture of this case came about as follows: Rony V. Irving was declared incompetent in 1967 by the County Judge’s Court of Desoto County. She was admitted to the State Hospital in Arcadia where she was treated continuously from July 1967 until May 4, 1972. Prior to this latter date, however, that is to say in March 1969, the Board of Commissioners of State Institutions petitioned for the appointment of a guardian of the aforesaid incompetent as she owned property and was therefore obligated by law to pay for her own care.[1] This petition was the initial pleading which “opened” the subject guardianship proceeding. In response to this petition one Mary Summers, a niece of the said incompetent and a co-appellee herein, petitioned that she be appointed guardian of the property. Her petition was indeed granted and on May 5, 1969 letters issued.
Thereafter, on February 1, 1972, at the request and on the recommendation of Department, through its Division of Family Services, the appellee guardian petitioned *333 the court- for an order transferring the incompetent to a nursing home for the reason that she had reached maximum psychiatric benefit from the hospital and her bed was needed for more needy patients. The court entered an order of transfer on February 15, 1972, the pertinent portions of which are:
“ . . . [I]t is hereby ORDERED ADJUDGED and DECREED as follows :
1. That the jurisdiction of said Ward, RONEY V. IRVING is hereby transferred unto The Family Services Division of the Department of Health and Rehabilitative Services, State of Florida for nursing home placement.
2. That said Ward, RONEY V. IRVING is to remain in the custody of G. Pierce Wood Memorial Hospital until The Family Services Division makes necessary financial arrangements to secure and guarantee payment of nursing home care.
3. That said Guardian, MARY SUMMERS is hereby ordered to fully cooperate with The Family Services Division in the execution of any application or documents necessary or requested by The Family Services Division for the placement of said Ward in nursing home care, and that said Guardian is further hereby ordered to release all Guardian funds remaining in the Guardianship account, after deduction of attorney fee and costs, unto The Family Services Division or to any nursing home in which the said Ward is finally placed. That such funds are to provide for the adequate care of said Ward, RO-NEY V. IRVING and that said Guardian is to get a receipt for all funds released and paid unto The Family Services Division or its designate.
4. That The Family Services Division is hereby ordered to report unto this court, when final placement and arrangements are made and completed for the placement of the Ward, RONEY V. IRVING in proper and adequate nursing home care. . . .” (Italics ours.)
Pursuant thereto the ward was transferred.
On December 1, 1972, having been informed that the guardianship assets were about to be wound up, the Department filed in the instant guardianship proceeding a “Notice of Interest in Claim” in which it asserted its right to a statutory lien for previous care and maintenance of the incompetent. On February 19, 1973, the guardian filed a final accounting showing net assets of $4,664.92. On February 27, 1973, the Department filed a certified accounting showing $4,636.41 due for the aforesaid care and maintenance of the ward. Hill Haven Nursing Home, meanwhile, made a claim of $2,830.92 for current care and maintenance of the ward. A hearing was held on March 16, 1973, with all parties present, after which the court first denied appellant’s motion for summary judgment and then awarded Hill Haven Nursing Home the full amount of its claim, the balance to apply to appellant’s lien. This appeal ensued.
Appellant raises two principal points: first, that the trial court, sitting in probate, did not have jurisdiction to establish priorities as between creditors of an insolvent incompetent, and secondly, assuming jurisdiction, it is without authority to apply the principles of estoppel against the state.
As to jurisdiction, it strikes us as curiously incongruous that appellant itself would invoke the jurisdiction of the circuit court for enforcement of its claim and, having been denied such relief, thereafter attack jurisdiction. It certainly cannot be said that the court would have jurisdiction to grant appellant’s claim but no jurisdiction to deny it. In any case, we disagree that the court had no jurisdiction. Section 744.06, F.S.1973, F.S.A., provides in pertinent part as follows:
“(1) Circuit judge.—
*334 (a) The circuit court shall have jurisdiction over all matters pertaining to guardians and wards and to the management and the administration of the property of wards ....
(b) The circuit judge may make such orders as to the said circuit judge may seem equitable and right relating to the estates of wards . and shall make such orders as to him shall seem just. . . .” (Italics ours.)
Here, as we view it, the guardian is in effect a stakeholder, the two pertinent claims conceded by all to be valid, and the proceeding is really one sounding in inter-pleader. The only thing the court did was to resolve the priorities as between the two claimants, which he was requested to do by each, and it cannot be denied that he, as circuit judge, had such “equitable” powers as were necessary to accomplish the purpose.
Coming now to the question of estoppel, we hold first of all that, although exceptional circumstances must be present, estoppel may lie against the state or its agencies. As noted by Judge Wigginton in Greenhut Construction Co. v. Henry A. Knott, Inc.:[2]
“The law of this state generally recognizes the proposition that although the sovereign may under certain circumstances be estopped, such circumstances must be exceptional and must include some positive act on the part of some officer of the state upon which the aggrieved party had a right to rely and did rely to its detriment. . . .”
We think the circumstances of this case are sufficiently exceptional and support the conclusion of the circuit judge below that the state is indeed estopped from claiming priority over Hill Haven Nursing Home’s claim. First, the instant guardianship was instituted by appellant; (2) the transfer of the ward to the nursing home was made at the request and instance of appellant; (3) the appellant was directed by the court to select the nursing home, effect the ward’s transfer and “secure and guarantee payment” for her care; (4) appellant, through the Department’s Division of Family Services, must be presumed to have fully complied with the court’s order aforesaid; and (5), as the last essential to es-toppel, the nursing home clearly had the right to rely not only on the actions and representations of the Family Services Division in complying with the court’s order, but surely on the court order itself which, in turn, was entered at the very instance of the Department. The circuit judge acted well within his powers.
Accordingly, the judgment appealed from should be, and it is hereby, affirmed.
BOARDMAN, J., and FERRIS, JOHN G., Associate Judge, concur.

. See, § 394.22(13), F.S.1967, now, essentially, § 394.457(7), F.S.1973, F.S.A.

. (Fla.App.1st, 1971), 247 So.2d 517.